UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 10-4098-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADAM SHANE MORSE; | ) | ORDER GRANTING PLAINTIFF'S |
| MITCHEL MORSE; | ) | MOTION FOR SUMMARY |
| CENTERVILLE AG; | ) | JUDGMENT |
| AAA COLLECTIONS, INC.; | ) | |
| SOUTH DAKOTA DIVISION OF | ) | |
| CHILD SUPPORT, ex rel Mallory A. | ) | |
| Smith, a/k/a Mallory A. Miller, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, the United States of America on behalf of the Department of Agriculture, Farm Service Agency (FSA) f/k/a Farmers Home Administration, filed suit against defendant, Adam Shane Morse, after he defaulted on a promissory note held by the FSA. The FSA sued the other defendants because they may claim a lien or interest in Morse's chattel used to secure the promissory note. The FSA moves for summary judgment. Defendants do not resist. The motion is granted.

**BACKGROUND**

In the light most favorable to defendants, the nonmoving party, the pertinent facts to this order are as follows: On June 10, 2005, Morse executed and delivered to the FSA a promissory note in the amount of $42,300 in

principal with interest at the rate of 4.5 percent (Note). On November 20, 2006, the parties rescheduled the Note for a principal amount of $44,751.89 at the same interest rate.

For security on the Note, Morse executed two security agreements with the FSA. The first security agreement, dated June 10, 2005, pledged crops, machinery, and some titled items as security. The second security agreement, dated October 30, 2006, again pledged crops, machinery, and some titled items as security. The FSA perfected its security interest by filing financing statements with the South Dakota Secretary of State on June 2, 2005, and March 22, 2010.

Morse failed to make timely payments on the Note. After Morse defaulted, the FSA notified him that it intended to exercise the rights accorded to it by the Note. The FSA then accelerated the debt in accordance with the Note's provisions. Morse did not pay off the debt.

The parties exhausted the debt restructuring, mediation, and associated administrative appeal rights that Morse is entitled to under federal law. As of November 10, 2010, Morse owes $48,298.90, consisting of $42,614.27 in unpaid principal and $5,684.63 in accrued interest. Interest continues to accrue at a daily rate of $5.2538. The fair and reasonable value of the chattel used to secure the Note was $35,650 as of May 7, 2009.

Centerville Ag filed an answer. In its answer, it claims a security interest in Morse's grain crops. The other defendants did not file an answer and have not contested that the FSA's assertion that their claims, if any, are inferior to those of the FSA and Centerville Ag.

FSA now moves for summary judgment. None of the defendants have responded to the motion for summary judgment nor disputed FSA's statement of facts. In its statement of undisputed facts, FSA stated that it does not believe Morse's grain crop exists and acknowledges that it is not making a claim on any grain crop.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court views the facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted). Similarly, the nonmoving party receives "the benefit of all reasonable inferences to be drawn from the underlying facts" in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Under the local rules, when the nonmoving party fails to object to the moving party's statement of material facts, the facts are admitted as stated in the movant's statement of material facts. *See* D.S.D. L.R. 56.1(D) ("All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts.").

## DISCUSSION

When the United States is a creditor, the law of the state where the court is situated applies when giving effect to a promissory note. *See* 28 U.S.C. § 2410(c). Therefore, the issue of foreclosure is governed by South Dakota law. *See Donovan v. Farmers Home Admin.*, 19 F.3d 1267, 1269 (8th Cir. 1994). If the FSA followed its administrative procedures in seeking relief on a promissory note, district courts will grant summary judgment and foreclosure relief on chattel securing the note. *See, e.g., United States v. Fink*, No. CIV. 04-

4130, 2007 WL 4287648, at *6 (D.S.D. Nov. 30, 2007) (granting foreclosure on the FSA's summary judgment motion because no genuine issues of material fact existed); *Baker v. Veneman*, 256 F. Supp. 2d 999, 1008-09 (E.D. Mo. 2003) (same); *United States v. FJN Contractors, Inc.*, No. 08-CV-1065, 2009 WL 3219039, at *6 (W.D. Ark. Sept. 30, 2009) (same).

The undisputed facts show that Morse entered into a valid contract with the FSA, consisting of the Note and the two security agreements on crops, machinery, and other titled property. Morse failed to make payments, and the FSA accelerated the debt under the Note's terms and tried to collect from Morse under the FSA's administrative procedures. The FSA then filed this action and properly joined in all other parties who have or may have an interest in the chattel securing the Note. Only one creditor, Centerville Ag, has answered the action and asserts an interest in Morse's grain crops. The FSA believes that no crops exist, and even if they did, the FSA does not seek foreclosure on the grain crops. Because no genuine issue of material fact exists, summary judgment as to all chattel except any grain crops is proper. Accordingly, it is

ORDERED that plaintiff's Motion for Summary Judgment (Docket 14) is granted. Plaintiff will prepare and submit to this court an appropriate decree and judgment and supporting materials calculating the amounts of principal

5

and interest due and owing, together with costs and disbursements, as of the date of this order.

Dated January 20, 2011

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE